## EDMONSON v. STATE.

1. CRIMINAL LAW: *Finding of jury as to accomplice.*
   Whether a witness for the state in a criminal prosecution was an accomplice of the accused or not, is a mixed question of law and fact; and where the jury determine the fact against the prisoner, their verdict is final, unless the testimony shows conclusively that the witness was an accomplice.

2. SAME: *Accessory after the fact: Wife of accomplice.*
   The statute defining an accessory after the fact, (Mansf. Dig., secs.

1507, 1510), does not compel a wife to become an informer against her husband; and the mere fact that she has concealed a crime does not make her the accomplice of one who participated with her husband in its commission, if the the facts within her knowledge were such that she could not inform against one without implicating the other.

APPEAL from *Yell* Circuit Court, Dardanelle District. G. S. CUNNINGHAM, Judge.

*Dan. W. Jones*, Attorney General, for the state.

COCKRILL, C. J.

The appellant was convicted of burglary. There was no exception or objection of any kind to any ruling of the trial court, except in refusing to grant the accused a new trial. The several grounds set up in the motion for a new trial all go to the same question, viz: Is the proof sufficient to sustain the verdict? It is not pretended that the offence was not committed. The county treasurer's safe had been blown open, and several thousand dollars of the county funds stolen. The defendant's complicity in the crime was directly testified to by Mike Landers, an avowed accomplice, and also by Landers' wife, who, it is contended, was also an accomplice; but as the statute prohibits the conviction on the testimony of an accompliae, unless corroborated by other evidence tending to connect the accused with the offence charged, (Mansfield's Digest, sec. 2259), and as the corroboration required by the statute cannot be supplied by a second accomplice, the question is whether there was any evidence outside of that of an accomplice leading to the inference that the appellant was implicated in the burglary. If Mrs. Landers was not an accomplice we need not look beyond her testimony to corroborate that of her husband. To ascertain her relation to the crime it is not necessary to state the particulars further than they tend to connect her with a

knowledge of it.  The prisoner was her husband's step-brother, and was an inmate of their house for several weeks before and after the burglary was committed.  He opened the project to Landers to rob the safe.  The plan proposed was that they should ascertain when the funds raised by taxation would be deposited in the county's safe, get an expert to aid them, open the safe and divide the spoils.  Landers hesitated, and the prisoner broached the subject to his wife, hoping to persuade her to urge him to become a party to the intended offence.  She protested against it, wept and portrayed the disgrace the act would bring upon her and her children; but a promise that she would not tell unless forced to do so if the burglary was committed was finally extorted from her.  The expert came, the safe was robbed, and her husband received a share of the stolen money.  Mrs. Landers made no disclosure of what she knew until her husband was arrested for the offence and turned state's witness.  Whether she knew who was concerned in the commission of the offence, or whether it had been committed at all prior to that time, is not disclosed positively by the bill of exceptions.  It is certain that Landers was concerned in the commission of the offence.  The prisoner was at his house with him on the evening of the burglary, and took breakfast there the next morning.  These facts taken in connection with Mrs. Landers' statement that he had informed her a short time before of his intention to commit the deed, had a tendency to show that he was connected with the commission of the offence, and the jury was authorized to take it as sufficient corroboration of Landers' testimony, unless she was also an accomplice. Whether she was an accomplice or not was a mixed question of law and fact, and the jury's determination of the fact against the prisoner is final, unless the testimony shows con-

1. CRIMINAL LAW: Finding of jury as to accomplice.

Edmonson v. State.

clusively that she was an accomplice. *Melton v. State*, 43 Ark., 367; *Com. v. Ford*, 111 Mass., 394, 395.

It is not pretended that Mrs. Landers advised or encouraged the perpetration of the offence, and the bare fact of concealing information that a felony is likely to be committed has never been considered sufficient to make one an accessory before the fact. 2 Hawk., c. 29, sec. 231. Rosc. Cr. Ev., * 183. She did not therefore participate in the commission of the crime, and for that reason she would not, perhaps, have been regarded as an accomplice at common law within the rule requiring corroboration. *Rex v. Hargraves*, 5 Car. and P., 170; *Allen v. State*, 74 Ga. 769; *Miller v. Com.*, 78 Ky., 22. An accessory after the fact was not regarded as a partaker in the guilt of the original wrong doer. His offence was considered as separate and independent of the main crime. 1 Bish., Cr. Law., sec. 692. But the word accomplice as used in the statute requiring corroboration has been construed by this court to include an accessory after the fact. *Polk v. State*, 36 Ark., 126; *Carroll v. State*, 45 Ib., 539; *Hudspeth v. State*, 50 Ib., 534. The jury have found in effect, however, that Mrs. Landers was not an accessory after the fact, and the question is, does the evidence warrant the finding?

2. SAME: Accessory after the fact: Wife of accomplice. An accessory after the fact, as defined by the statue, "is a person who, after full knowledge that a crime has been committed, conceals it from the magistrate or harbors and protects the person charged with or found guilty of the crime. * * * Provided that persons standing to the accused in the relation of parent, child, brother, sister, husband or wife shall not be deemed accessories after the fact, unless they resist the lawful arrest of such offenders." Mansfield's Digest, secs. 1507, 1510. It is only for a failure

to discover the crime that there is room to contend that Mrs. Landers became accessory to it.    This would have been no more than a misprision of felony, and a misdemeanor at common law.    Whatever else may be the intent of the statute, it is certain it does not compel the wife to become informer against her husband.    He was *particeps criminis* with Edmonson in this case.    If the evidence of his guilt was so interwoven with that of Edmonson's criminality that she could not inform against one without implicating the other, the statute would not visit her with the criminality of the offence for failing to do so.    Her concealment of the crime would not, in that event, be attributable to the intent to shield Edmonson, which was necessary to make her his accomplice. *Melton v. State*, 43 Ark., 371.

She furnished the required corroborative evidence and the judgment is affirmed.