433 P.2d 92

STATE of New Mexico, Plaintiff-Appellee,

v.

Candido ORTIZ, Defendant-Appellant.

No. 53.

Court of Appeals of New Mexico.

Oct. 6, 1967.

Certiorari Denied Nov. 1, 1967.

508

G. Gordon Robertson, Raton, for appellant.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge.

Defendant was tried and convicted on two separate counts of possession of marijuana under § 54–7–13, N.M.S.A.1953 (Repl. 1962). He contends, and we agree, that the sole question presented is whether or not he could have been guilty of the offense with which he was charged and convicted, when the uncontroverted evidence shows that he was engaged in cultivating and growing marijuana.

Some weeks prior to May 27, 1966, Mr. Jimmy Jimenez, an undercover agent for the Narcotics Division of the New Mexico State Police, went to Raton to assist the State Police in the investigation of possible marijuana activities in that area. He became acquainted with defendant, and on May 27, 1966, he introduced defendant to Officer James Sedillo of the New Mexico State Police, Narcotics Division. Jimenez introduced Sedillo as his brother.

While driving around in an automobile, Sedillo made inquiry of defendant concerning possible sources from which marijuana could be purchased.

On June 4, 1966, Sedillo returned to Raton, and on this occasion Jimenez delivered to him a cardboard box containing marijuana seeds, which had been given to Jimenez by defendant for delivery to Jimenez' "brother." Later in the day Sedillo met defendant, and defendant inquired as to whether Jimenez had delivered the marijuana seeds. Sedillo acknowledged having received them from Jimenez.

Defendant then stated that he had planted some identical seeds a short distance from Raton, and that he had a small "plantation" growing. He expressed a willingness to let Sedillo have some of the plants, and he took Sedillo and Jimenez to his "plantation," which consisted of two or three short rows of growing marijuana plants.

They dug up three of these plants, which were placed in a coffee can and given to Sedillo.

Some time later defendant transplanted from his "plantation" into other cans some of the growing marijuana plants, which were found in his home at the time of a

search conducted on the morning of June 18, 1966.

In count 1 of the information he was charged with possession of marijuana on or about June 4, 1966, and in count 2 with possession of marijuana on or about June 18, 1966. As above stated, he was tried and convicted on both counts.

His position during the trial and on this appeal is that he was a "manufacturer" within the contemplation of § 54–7–13, N.M.S.A.1953 (Repl.1962), and, thus, was not subject to the criminal prohibition against possession of marijuana under this section of our statutes, which provides:

"Unlawful possession.—Whoever, not being a manufacturer, wholesaler, physician, veterinarian, dentist, nurse acting under the direction of a physician, or an employee of a hospital or laboratory acting under the direction of its superintendent or official in immediate charge, or a common carrier or messenger when transporting any drug mentioned herein between parties hereinbefore mentioned in the same package in which the drug was delivered to him for transportation, is found in possession thereof, except by reason of an order or prescription lawfully and properly issued shall be punished as hereinafter provided."

Section 54–7–2, N.M.S.A.1953 (Supp. 1967) provides in part:

"Definitions.—As used in the Uniform Narcotic Drug Act [54–7–1 to 54–7–49]:
" * * *

"F. 'Manufacturer' means a person who by compounding, mixing, cultivating, growing or other process, produces or prepares narcotic drugs, but does not include an apothecary who compounds narcotic drugs to be sold or dispensed on prescription;"

There is no doubt that on June 4 and on June 18, the dates when defendant is charged with unlawful possession of a narcotic drug, to wit, marijuana, he was producing the drug by cultivating and growing the same.

In his brief he has stated:

" ' * * * Appellant [defendant] readily concedes that the evidence would have justified a conviction of various offenses under the Narcotic Drug Act. [Sections 54–7–1 to 54–7–51, N.M.S.A. 1953 (Repl.1962)] The point is that it does not justify a conviction of the offense *on which the State elected to proceed*' "

Our Narcotic Drug Act was enacted in 1935, and, insofar as this appeal is concerned, no material legislative changes have been made therein since its enactment. The Uniform Narcotic Drug Act published and recommended by the National Conference of Commissioners on Uniform State Laws, after which our Act was patterned, contains no provisions comparable to §§ 54–7–13 to 15, N.M.S.A.1953 (Repl.1962). Section 15 is a penalty provision, which imposes much greater penalties for violations of §§ 13 and 14 than are provided by the general penalty provisions of the Act for violations of other sections.

The State argues that the entire Act must be construed together, and because § 54–7–4 N.M.S.A.1953 (Repl.1962) prohibits the production of narcotic drugs by manufacture, cultivation, growing, or any other process, unless the person so producing the same shall have first obtained a license to so do from the State Board of Public Health, the context of § 13 requires that it be read as meaning: "Whoever, not being a *duly licensed* manufacturer, * * *."

 The contention is that the 1935 Legislature failed by oversight to insert the words "duly licensed." Although conceding that the Supreme Court of New Mexico has consistently held that criminal and penal statutes are to be strictly construed (State v. Shop Rite Foods, Inc., 74 N.M. 55, 390 P.2d 437 (1964); State v. Buford, 65 N.M. 51, 331 P.2d 1110, 82 A.L.R.2d 787 (1958); United States v.

Santistevan, 1 N.M. 583 (1874), the State contends that under the language of Ex parte De Vore, 18 N.M. 246, 136 P. 47 (1913) the word "manufacturer" is open to interpretation, and particularly to the interpretation of "duly licensed manufacturer." In Ex parte De Vore it was stated that penal statutes "are not to be subjected to any strained or unnatural construction in order to work exemptions from their penalties," and that "[s]uch statutes must be interpreted by the aid of the ordinary rules for the construction of statutes, and with the cardinal object of ascertaining the intention of the Legislature. * * *" However, it is also stated that "[t]he intention, of course, must be the intention expressed in the statute, and where the meaning of the language employed is plain, it must be given effect."

If the language of a statute renders its application absurd or unreasonable, it will be construed according to its obvious spirit or reason. State v. Nance, 77 N.M. 39, 419 P.2d 242 (1966); Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200 (1965). But, as quoted above from Ex parte De Vore, where the meaning of the language is plain, it must be given effect, and there is no room for construction. Martinez v. Research Park, Inc., supra; State v. Shop Rite Foods, Inc., supra; State v. Thompson, 57 N.M. 459, 260 P.2d 370 (1953); Hendricks v. Hendricks, 55 N.M. 51, 226 P.2d 464 (1950). Here the language is plain and unambiguous, and a reading into the statute of the words "duly licensed" is not required to avoid any ambiguity or any unreasonable or strained construction.

Courts will not add words in the construction of a statute, except where it is necessary to do so to make the statute conform to the obvious intent of the Legislature, or to prevent absurdity. State v. Nance, supra. If there be any ambiguity or doubt concerning the meaning of a criminal statute, it will be construed against the State which enacted it and in favor of the accused. State v. Couch, 52 N.M. 127, 193 P.2d 405 (1948).

The State further argues that in any event the defendant was in possession of marijuana seeds on June 4, that the possession of these seeds "was quite apart and distinct from the possession of growing marijuana plants," and, therefore, he was still properly found guilty under count 1 of the information in accordance with the decision in State v. Giddings, 67 N.M. 87, 352 P.2d 1003 (1960).

The case of State v. Giddings, supra, in no way involved the question of exemption of the defendant from the provisions of § 13 by reason of his being a "manufacturer," which is the sole question presented in this case. Here it is unquestioned that defendant was a "manufacturer" as expressly defined in the Act, and the context of the Act, and in particular the context of § 13, requires no use of the term in any sense other than that expressly given it by the definition. Section 13 simply says: "Whoever, not being a manufacturer, * * is found in possession" of a drug shall be punished. It in no way suggests that possession of a drug by a "manufacturer," which possession is not incidental or necessary to the manufacture of the drug, is a violation of the provisions of § 13. However, as above shown, defendant was a "manufacturer" of marijuana on June 4, as well as on June 18, by reason of his being a grower and cultivator thereof, and seeds are certainly incidental and necessary to the growing and cultivation of the marijuana plant.

It follows from what has been said that the trial court erred in denying the defendant's motion for a directed verdict. The cause should be remanded with directions to discharge the defendant and to dismiss the information and the charges contained therein.

It is so ordered.

SPIESS and WOOD, JJ., concur.