435 P.2d 210

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Nick GONZALES, Defendant-Appellant.**

**No. 54.**

Court of Appeals of New Mexico.

Dec. 1, 1967.

G. Gordon Robertson, Robertson & Robertson, Raton, for appellant.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

OMAN, Judge.

Defendant was tried and convicted of illegal possession of marijuana seeds on June

18, 1966, contrary to the provisions of § 54–7–13, N.M.S.A. 1953 (Repl.1962).

Defendant relies upon three separate points for reversal. We shall consider only his first point, since we are of the opinion that he is entitled to a reversal under this point.

His first point is that:

"One who cultivates and grows marijuana is a 'manufacturer' within the meaning of the Narcotic Drug Act; and he may not be convicted of simple possession of marijuana under § 54–7–13, New Mexico Statutes 1953."

This precise question was presented and ruled on by this court in the case of State v. Ortiz, 78 N.M. 507, 433 P.2d 92, opinion issued October 6, 1967. That case and the present case are related in some of their factual details, but the question as to whether or not the respective defendants were manufacturers of marijuana, as defined in § 54–7–2(F), N.M.S.A. 1953 (Supp. 1967), arises in a somewhat different manner. In the Ortiz case there was no doubt that on June 4 and on June 18, the dates when Ortiz was charged with unlawful possession of a narcotic drug, to wit, marijuana, he · was producing the drug by cultivating and growing the same. The evidence in the present case is before us on a stipulated "Statement of Facts and Proceedings."

As stated above, defendant was convicted of illegal possession of marijuana seeds on June 18. A small number of marijuana seeds were found by two officers upon removing the back seat of defendant's car, while making a search of the car.

On June 4, 1966, Candido Ortiz, Jimmy Jimenez and Officer James Sedillo were sitting in a parked automobile on the main street of the City of Raton, shortly after their return from the Ortiz "plantation" of marijuana referred to in State v. Ortiz, supra. The defendant drove up and parked behind them. They got out of the car in which they were sitting and went back to defendant's car, where a brief conversation ensued. In this conversation, the defendant asked and stated to Ortiz: "Where have you been? I've been looking for you all day to go and water the marijuana plants."

On a subsequent occasion the defendant stated to Jimenez that he was growing marijuana plants in his yard and that he was a co-owner with Ortiz of the "plantation" from which the three growing plants had been removed. These are the three plants which were given to Sedillo by Ortiz as related in State v. Ortiz, supra.

One of the court's instructions to the jury, which is in no way attacked, was:

"The court instructs you that it is another essential element of the offense of illegal possession of marijuana that the defendant must have actual knowledge of the presence and of the narcotic character of the object possessed. It is incumbent upon the State to prove that the defendant had such knowledge. The fact, if you find it to be a fact, that particles of marijuana were found in the defendant's automobile, does not, of itself, justify you in returning a verdict of guilty. Unless you also find to your satisfaction and beyond a reasonable doubt that the defendant had actual knowledge of the presence of such leaves and seeds and also had actual knowledge that they were marijuana, you must find the defendant not guilty."

The State argues that since the seeds were found behind the back seat of defendant's car, "the jury was entitled to draw the reasonable and logical conclusion that the appellant [defendant] himself had hidden the marijuana there." It also argues that from the question asked and statement made to Ortiz and the subsequent statement made to Jimenez:

"the jury was entitled to draw the logical and reasonable inference that the Appellant [defendant] was familiar with marijuana, and therefore knew that the material which he had hidden behind the back seat of his automobile was marijuana."

Even conceding the State's contentions to be correct, the question still exists as to defendant's status as a "manufac-

turer." The evidence, upon which the State relies to establish actual knowledge on the part of defendant that the seeds were marijuana, also unmistakably and necessarily establishes that he was the co-owner, and thus a producer and manufacturer, of the growing plants in the "plantation." He was also the grower, and thus the producer and manufacturer, of marijuana in his own yard. If this evidence establishes the necessary knowledge on the part of defendant that the seeds were marijuana seeds, then of necessity it establishes that he had to be a grower, producer and manufacturer on June 18, the day the seeds were found in his automobile, or to have been such prior thereto. There is no evidence which even suggests that he had previously been a grower, producer and manufacturer, but had ceased to be such before June 18.

He clearly falls within the definition of manufacturer as set forth in § 54–7–2(F), N.M.S.A. 1953 (Supp.1967), which is as follows:

"54–7–2. Definitions.—As used in the Uniform Narcotic Drug Act [54–7–1 to 54–7–49]:

\*   \*   \*   \*   \*   \*

"F. 'Manufacturer' means a person who by compounding, mixing, cultivating, growing or other process, produces or prepares narcotic drugs, but does not include an apothecary who compounds narcotic drugs to be sold or dispensed on prescription;"

Since he was a "manufacturer," he was not subject to the criminal prohibition against possession of marijuana under § 54–7–13, N.M.S.A. 1953 (Repl.1962). State v. Ortiz, supra.

The State further argues that the evidence showing defendant was growing marijuana did not compel the jury to conclude that the marijuana found behind the seat of his automobile "was marijuana which had been 'manufactured' by" him. With this we agree, but we rejected a like argument in support of the conviction in State v. Ortiz, supra. The statute simply does not prohibit a "manufacturer" from being in possession of marijuana which he has not manufactured. In any event, seeds are incidental and necessary to the growing and cultivation, and thus to the manufacture, of the marijuana plant.

The trial court erred in denying defendant's motion for a directed verdict. The case is remanded with instructions to discharge the defendant and to dismiss the information and charges contained therein.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.