650 P.2d 841
STATE of New Mexico,
Plaintiff-Appellant,

v.

Pam MOBBLEY, Defendant-Appellee.

No. 5615.

Court of Appeals of New Mexico.

Aug. 3, 1982.

Certiorari Denied Sept. 16, 1982.

Jeff Bingaman, Atty. Gen., Eddie Michael Gallegos, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Timothy J. Cusack, Cusack & Fleming, Roswell, for defendant-appellee.

## OPINION

WOOD, Judge.

The criminal information charged that defendant did "knowingly aid Andrew Needham knowing that he had committed a felony with the intent that he escape arrest, trial, conviction and punishment, contrary to Section 30–22–4, NMSA 1978." The attorneys agreed as to certain facts; the trial court ruled "[t]hat such facts do not constitute an offense" and dismissed the information. The State appeals. The issue is whether the agreed upon facts are such that defendant may not be prosecuted for the offense of aiding a felon.

Section 30–22–4, *supra,* reads:

Harboring or aiding a felon consists of any person, not standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister by consanguinity or affinity, who knowingly conceals any offender or gives such offender any other aid, knowing that he has committed a felony, with the intent that he escape or avoid arrest, trial, conviction or punishment.

Defendant is married to Ricky Mobbley. Police officers went to a house and contacted defendant; they advised defendant that felony warrants had been issued for Ricky Mobbley and Andrew Needham. The officers asked defendant if "both were there." Defendant denied that the men were there, although she knew that both men were in

the house. Hearing noises, the officers entered the house and discovered both men. Defendant could not have revealed Needham without also revealing her husband. The criminal charge was based on the failure to reveal Needham.

■ The trial court erred in ruling that the above facts do not constitute an offense. In so holding, we do not consider that at a trial a jury could properly determine, on the basis of the above facts, that defendant lacked the requisite statutory intent to aid Needham. The information having been dismissed on the basis that the agreed facts did not constitute an offense, we are not concerned with a factual determination by a jury. Nor do we consider that the agreed facts may show ameliorating circumstances in the event of a conviction.

■ The power to define crimes is a legislative function. *State v. Allen,* 77 N.M. 433, 423 P.2d 867 (1967); *State v. Moss,* 83 N.M. 42, 487 P.2d 1347 (Ct.App. 1971). In determining what crime has been defined, we look to the language of the statute. *State v. Pendley,* 92 N.M. 658, 593 P.2d 755 (Ct.App.1979).

Section 30–22–4, *supra,* applies to "any person, not standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister by consanguinity or affinity * * *." There is no claim that any of the exempted relationships applies as between defendant and Needham. As enacted by the Legislature, § 30–22–4, *supra,* applies to the agreed facts.

Defendant contends that such a result is contrary to legislative intent because statutes must be interpreted in accord with common sense and reason, and must be interpreted so as not to render the statute's application absurd or unreasonable. *See Montoya v. McManus,* 68 N.M. 381, 362 P.2d 771 (1961); *Ex Parte DeVore,* 18 N.M. 246, 136 P. 47 (1913). We give two answers to this contention.

■ First, where the meaning of the statutory language is plain, and where the words used by the Legislature are free from ambiguity, there is no basis for interpreting the statute. *State v. Pendley, supra.* Here, there is no basis for interpreting the statute. Section 30–22–4, *supra,* applies to "any person" not within the relationships exempted by the statute. Defendant is such a person.

Second, if we assume that the statute should be interpreted, our holding that § 30–22–4, *supra,* applies to the agreed facts accords with legislative intent. Statutes proscribing harboring or aiding a felon grew out of the common law of accessories after the fact. LaFave & Scott, Criminal Law § 66 (1972). However:

> At common law, only one class was excused from liability for being accessories after the fact. Wives did not become accessories by aiding their husbands. No other relationship, including that of husband to wife, would suffice. Today, close to half of the states have broadened the exemption to cover other close *relatives.* * * * This broadening of the excemption [sic] may be justified on the ground that it is unrealistic to expect persons to be deterred from giving aid to their close *relations.* (Our emphasis.)

LaFave & Scott, *supra,* at 523–24.

New Mexico legislative history accords with the discussion in LaFave & Scott, *supra.* In 1875 New Mexico adopted the common law. Section 38–1–3, N.M.S.A.1978. In 1949 New Mexico enacted a statute imposing felony liability on accessories after the fact, and defined such accessories in words similar to what now appears as § 30–22–4, *supra.* See Laws 1949, ch. 53, originally compiled as § 40–1–9, N.M.S.A. 1953 Comp. (Original Vol.). The present statute, § 30–22–4, *supra,* was a part of the Criminal Code enacted in 1963, at which time the 1949 law was repealed. Laws 1963, ch. 303, §§ 22–4 and 30–1.

Limiting the exemptions in § 30–22–4, *supra,* to *relatives* named in that statute accords with the legislative intent as shown by the legislative history. In light of the limited exemption at common law, and legislation limited to relatives, it is not absurd

and not unreasonable to hold that if defendant aided Needham, § 30–22–4, *supra,* applies to that aid.

Except for one fact, there would have been no dispute as to the applicability of § 30–22–4, *supra.* That one fact is that defendant could not have revealed Needham without also revealing her husband. The statute does not exempt a defendant from prosecution when this fact situation arises; to judicially declare such an additional exemption would be to improperly add words to the statute. *State v. Ortiz,* 78 N.M. 507, 433 P.2d 92 (Ct.App.1967). Also, such a judicial declaration would be contrary to the rationale for this type of statute; it is unrealistic to expect persons to be deterred from giving aid to their close relations. LaFave & Scott, *supra.*

We recognize that defendant was placed in a dilemma; if she answered truthfully she revealed the presence of her husband; if she lied she took the chance of being prosecuted. This choice is similar to the choice faced by Slater in *State v. Sanchez,* 89 N.M. 673, 556 P.2d 359 (Ct.App.1976). Slater refused to testify, explaining that she feared for her life if she did. Slater's contempt convictions were affirmed.

Defendant contends we should follow two Arkansas decisions which support her position. *Edmonson v. State,* 51 Ark. 115, 10 S.W. 21 (1888); *Draper v. State,* 192 Ark. 675, 94 S.W.2d 119 (1936). We decline to do so. Our duty is to apply the New Mexico statute, not the Arkansas law of accomplices.

The order of the trial court, which dismissed the information, is reversed. The cause is remanded with instructions to reinstate the case on the trial court's docket.

IT IS SO ORDERED.

HENDLEY, J., concurs.

LOPEZ, J., dissents.

LOPEZ, Judge (dissenting).

I respectfully dissent. The majority holds that the defendant can be charged with the offense of harboring or aiding Andrew Needham under § 30–22–4, N.M.S.A.1978, because she does not qualify under any of the exemptions listed in the statute with respect to Needham. It arrives at this holding in spite of the fact that the defendant could not have revealed the presence of Needham in the house without also revealing the presence of her husband. This holding negates the legislative intent of the statute to exempt a wife from being forced to turn in her husband. Under the majority ruling, the defendant would have had to turn in Needham to escape being charged under § 30–22–4, which would have been tantamount to turning in her husband.

Whether the rationale underlying the legislative exemption is a recognition "that it is unrealistic to expect persons to be deterred from giving aid to their close relations," LaFave and Scott, Criminal Law § 66 (1972), or an acknowledgement of human frailty, Torcia, Wharton's Criminal Law § 35 (14th ed. 1978), that rationale is ignored by requiring a wife to turn in her husband if he is with another suspect. Such a result requires a proverbial splitting of analytic hairs by attributing the defendant's action, in denying that Needham was at the house, to an intent to aid Needham rather than her husband.

The majority dismisses the Arkansas cases of *Edmonson v. State,* 51 Ark. 115, 10 S.W. 21 (1888), and *Draper v. State,* 192 Ark. 675, 94 S.W.2d 119 (1936). Research has not brought to light any other cases dealing with a similar principle, so the Arkansas cases merit mention. In *Edmonson,* Edmonson and Landers committed a burglary. Landers' wife knew about the crime, but she did not disclose what she knew until her husband turned state's witness. At Edmonson's trial, both Landers and his wife testified, and Edmonson was convicted of burglary. Landers' testimony, as accomplice testimony, had to be corroborated in order to sustain the conviction. The jury found that Mrs. Landers was not an accessory after the fact to the crime. The Arkansas supreme court, in discussing its accessory after the fact statute which is similar to New Mexico's § 30–22–4, stated that:

Whatever else may be the intent of the statute, it is certain it does not compel the wife to become informer against her husband. He was *particeps criminis* with Edmonson in this case. If the evidence of his guilt was so interwoven with that of Edmonson's criminality that she could not inform against one without implicating the other, the statute would not visit her with the criminality of the offense for failing to do so. Her concealment of the crime would not, in that event, be attributable to the intent to shield Edmonson, which was necessary to make her his accomplice.

In *Draper,* Draper and House robbed and killed another man. Afterwards, House's brother was informed of the crime, but did not report his information to the police. The Arkansas supreme court followed *Edmonson* by holding that the brother could not be deemed an accomplice ("accomplice" included an accessory after the fact under the corroboration statute) for purposes of corroboration testimony against Draper, because "[h]e could not have disclosed the information he received from [Draper] without disclosing the guilt of his brother * * *."

The practical effect of the majority opinion, which requires a wife to turn in her husband if he is with a co-suspect, is to deny the wife's exemption in § 30–22–4. The reasons for refusing to force a wife to inform on her husband are the same whether or not he is alone. The statute should not be construed so narrowly as to frustrate the legislative intent to exempt a wife from turning in her husband. *State v. Ortiz,* 78 N.M. 507, 433 P.2d 92 (Ct.App.1967). Although the court should not add to the provisions of a statute, it may do so to prevent an unreasonable result. *State v. Nance,* 77 N.M. 39, 419 P.2d 242 (1966). Given the wife's exemption from turning in her husband contained in § 30–22–4, it would be unreasonable to require her to do just that by revealing Needham.

For the foregoing reasons, I cannot agree that the defendant in this case can be charged under § 30–22–4 for refusing to tell the police that Needham was in the house. I would affirm the action of the trial court in dismissing the information against the defendant.