No. 68,414

STATE OF KANSAS, *Appellant,* v. THOMAS R. BUSSE, *Appellee.*

(847 P.2d 1304)

Opinion filed March 5, 1993.

*Sheryl A. Bussell,* county attorney, argued the cause, *Athena E. Andaya,* assistant county attorney, and *Robert T. Stephan,* attorney general, were on the brief for appellant.

*Edward W. Dosh,* of Law Offices of Edward W. Dosh, of Parsons, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

DAVIS, J.: The State of Kansas appeals the dismissal of a charge of aiding a felon. The trial court determined that because the defendant had aided a juvenile whose felonious act did not fit the definition of a felony under K.S.A. 21-3105(1), the information failed to state an offense. The State contends that the defendant, Thomas R. Busse, aided a juvenile who committed a felonious act and that the information was sufficient to state an offense. We reverse and remand for trial.

The issue is whether the State may charge an adult with aiding a felon under K.S.A. 21-3812(a) based on allegations that the

adult aided a juvenile who committed an act that would be a felony if committed by an adult.

The State charged Thomas R. Busse with aiding a felon in violation of K.S.A. 21-3812(a), which provides:

"Aiding a felon is knowingly harboring, concealing or aiding any person who has *committed* a felony under the laws of this state or another state or the United States with intent that such person shall avoid or escape from arrest, trial, conviction or punishment for such felony." (Emphasis supplied.)

The crime charged is best understood in terms of the common-law crime of accessory after the fact. Originally, one who was charged as an accessory after the fact was punished as a principal. Today, by statute, most jurisdictions define the crime of accessory after the fact as a separate, distinct crime carrying a lesser punishment. As noted by this court in *State v. Rider, Edens & Lemons*, 229 Kan. 394, 401-02, 625 P.2d 425 (1981):

"Three conditions were required to render one guilty as an accessory after the fact, and the same conditions are required to render one guilty of aiding a felon under 21-3812(a). The felony must be complete, the accused must have knowledge that the principal committed the felony, and the accused must act with the intent to enable the principal to avoid or escape from arrest, trial, conviction or punishment for the felony. See *State v. Johnson*, 142 Kan. 621, 623, 50 P.2d 975 (1935); *State v. Marr*, 136 Kan. 602, 16 P.2d 469 (1932); 22 C.J.S., Criminal Law § 95-99, p. 273-79; Perkins on Criminal Law, p. 667 (2d ed. 1969); and PIK Crim. 60.13."

The allegations charging the defendant fulfill the above three conditions:

(1) The information alleges that the felony was complete in that the juvenile "committed an act which would constitute a felony, to-wit: Aggravated Battery, as defined by K.S.A. 21-3414, if charged under the adult criminal code";

(2) the information alleges that the defendant knew the principal committed the felony in that the defendant did "unlawfully, willfully, knowingly and feloniously harbor, conceal or aid a person, to-wit: M.W.A., who committed an act which would constitute a felony"; and

(3) the information alleges that the accused did the above "with the intent . . . that M.W.A., avoid or escape from arrest, trial, adjudication as a Juvenile Offender, or punishment for said felony, in violation of K.S.A. 21-3812, a class E felony."

Thus, the information alleges all conditions required for the separate crime of aiding a felon. If an adult had committed the aggravated battery, there would be no basis for challenging the information.

K.S.A. 21-3105(1) defines a felony as a crime "punishable by death or by imprisonment in any state penal institution." K.S.A. 1992 Supp. 38-1602 defines "juvenile offender" as a "person who does an act while a juvenile which if done by an adult would constitute the commission of a felony . . . as defined by K.S.A. 21-3105 and amendments thereto."

The sole basis for dismissal was the "juvenile offender" status of the person who was aided. The information alleges that the defendant aided a person who committed aggravated battery. Because the one who committed the aggravated battery was a juvenile whose offense did not fit the definition of felony under K.S.A. 21-3105(1), the defendant claims that he did not aid a felon, but rather aided a "juvenile offender." Because K.S.A. 21-3812 does not expressly prohibit aiding a juvenile offender, defendant claims the charge fails to state a crime.

The question raised is novel and involves an interpretation of K.S.A. 21-3812(a). We acknowledge that a strict and literal reading of K.S.A. 21-3812(a) does not expressly reach the situation involved in this case in that it prohibits aiding a person "who has committed a felony." The definition of felony in K.S.A. 21-3105(1) does not encompass juvenile offenses; it defines felony as a crime punishable by death or imprisonment in a penal institution. Yet, we cannot ignore that the juvenile committed a felonious act of aggravated battery as that conduct is defined in K.S.A. 21-3414.

We do not believe that the legislature intended to exclude adults aiding juveniles who commit felonious acts from the provisions of K.S.A. 21-3812(a). The very language in K.S.A. 21-3812(a) supports this result. The statute prohibits aiding *any* person who has *committed* a felony. The felonious conduct of the one aided, not the status of the one aided, triggers the applicability of K.S.A. 21-3812(a).

We acknowledge that the definition of "felony" in K.S.A. 21-3105 does not expressly include juvenile offenses. The defendant

relies on this definition to support his claim that if the legislature had intended K.S.A. 21-3812(a) to prohibit aiding one who has committed a juvenile offense, it could have expressly so provided. We agree that the legislature could have been more explicit, but we disagree that in the absence of that specificity, the statute does not proscribe the defendant's aid to the juvenile.

It is the juvenile offenders code that brings into question the applicability of K.S.A. 21-3812(a) to the defendant's conduct. It is the juvenile offenders code that provides that proceedings thereunder shall not be "deemed . . . to import a criminal act on the part of any juvenile." K.S.A. 38-1601. It is the juvenile offenders code that defines juveniles who engage in felonious acts as "juvenile offenders" rather than felons and that authorizes certain disposition of juvenile offenders. K.S.A. 1992 Supp. 38-1602(b); K.S.A. 1992 Supp. 38-1663. The juvenile offenders code, however, was enacted for the benefit of the juvenile. This case charges a separate crime committed by an adult. It would serve no useful purpose to allow the status granted to a juvenile to inure to the benefit of an adult who aided a juvenile who committed a felonious act.

"[T]he fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute, even though words, phrases, or clauses at some place in the statute must be omitted or inserted." *State v. Micheaux*, 242 Kan. 192, 199, 747 P.2d 784 (1987).

K.S.A. 21-3812(a) makes it unlawful to aid one who has committed a felonious act with intent that the person aided should avoid detection. The juvenile status of the one committing the felonious act is immaterial to accomplishing the object of the legislation. To allow an adult who aids a juvenile offender to avoid prosecution undermines "the purpose to be accomplished [by K.S.A. 21-3812(a)] and the . . . effect of the statute." See *State v. Keeley*, 236 Kan. 555, Syl. ¶ 2, 694 P.2d 422 (1985). The juvenile in this case engaged in conduct that the legislature has seen fit to classify as a class C felony. K.S.A. 21-3414. The purpose of K.S.A. 21-3812(a) is to make it unlawful to aid someone who has engaged in felonious conduct with the intent to help such person avoid detection. To excuse an adult who aids a juvenile who has engaged in such conduct defeats the purpose of K.S.A.

21-3812(a). We hasten to add that interpreting K.S.A. 21-3812(a) to include aiding juvenile offenders in no way undermines the benefits and protection that the juvenile offenders code extends to the young offender.

We also may consider the effect of the statute under the various suggested constructions. See, *e.g., State v. Thompson,* 237 Kan. 562, 563, 701 P.2d 694 (1985). Following defendant's interpretation to its logical conclusion, one might conclude that hiring a juvenile rather than an adult to commit a felony would prevent the State from charging the adult with liability for crimes of another, solicitation, or conspiracy because the juvenile could not be considered to have committed a crime or a felony. See K.S.A. 1992 Supp. 21-3205; K.S.A. 21-3303; K.S.A. 21-3302.

We acknowledge and adhere to the principle that criminal statutes should be strictly construed in order that people be put on notice of what conduct is proscribed by the law. See *State v. Bishop,* 215 Kan. 481, 483, 524 P.2d 712 (1974). We note that defendant's proffered construction may not afford adequate notice. Under the construction defendant urges, an adult who aided a juvenile could not initially be charged under K.S.A. 21-3812(a), but if that same juvenile later was certified to stand trial as an adult, then the adult who aided him could be charged. The court's certification of the juvenile, after the act, could allow the charge to be filed against the adult who rendered aid. This analysis emphasizes the importance of focusing on the felonious conduct rather than the status of the one who engaged in the felonious conduct.

All parties to this action acknowledge that the defendant was charged with an offense under K.S.A. 21-3812(a). The three required criteria are set forth in the charging document. The defendant seeks a strict, literal interpretation of the statute that ignores the object of the statute. A reasonable and sensible construction of 21-3812(a) is called for in this case. We do not depart from the basic rule that penal statutes are to be strictly construed in favor of the accused. "This rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent." *State v. Tyler,* 251 Kan. 616, 641-42, 840 P.2d 413 (1992); *accord State v. Carmichael,* 240 Kan. 149, 159, 727 P.2d 918 (1986).

The legislative design and intent of K.S.A. 21-3812(a) is to make it unlawful to aid one who has engaged in felonious conduct. In this case, the State alleged that the defendant aided a juvenile who had engaged in felonious conduct, that is, he committed aggravated battery as defined by K.S.A. 21-3414. We hold that the information in this case alleges an offense under K.S.A. 21-3812(a).

Reversed and remanded for trial.