41 P.3d 919 (2002)
131 N.M. 638
2002-NMCA-031
STATE of New Mexico, Plaintiff-Appellee,
v.
Ginnie CONTRERAS, Defendant-Appellant.
No. 21,473.
Court of Appeals of New Mexico.
January 3, 2002.
Certiorari Denied February 28, 2002.
*920 Patricia A. Madrid, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, NM, for Appellee.
Phyllis H. Subin, Chief Public Defender, Nancy M. Hewitt, Assistant Appellate Defender, Santa Fe, NM, for Appellant.
Certiorari Denied, No. 27,319, February 28, 2002.

OPINION
CASTILLO, Judge.
{1} Defendant Ginnie Contreras appeals her conviction of harboring a felon contrary to NMSA 1978, § 30-22-4 (1963), arguing that her conviction cannot stand because she harbored a juvenile and juveniles can never be considered felons. This case presents us with a question of first impression: does harboring a juvenile offender, who is not subject to conviction as a felon but whose conduct is classifiable as a felony under the laws of the State of New Mexico, fall within the scope of Section 30-22-4. We hold that an offender who commits acts constituting "a felony" can be considered a felon for purposes of Section 30-22-4 notwithstanding the fact that the offender is a juvenile who cannot be considered a felon under the Delinquency Act of the Children's Code. We affirm.

BACKGROUND
{2} In late August 1999, while answering a call, police officers went to the home of Lilian Salazar. Upon entering, they found five people including Defendant and a juvenile whom Defendant identified as Manual Sosa. Subsequent investigation revealed the following: the juvenile was not Manuel Sosa, but Angelo Sedillo; there was a bench warrant for the arrest of Sedillo for failing to appear at trial on burglary charges; Defendant knew about the burglary; Defendant, Sedillo, and others had lived at the Salazar residence for some time; police officers had gone to the Salazar house looking for Sedillo on several occasions between May and August 1999, and Defendant stated that she did not know Sedillo's whereabouts. The investigation also revealed that Sedillo's mother reported him as a runaway and that Defendant is not related to Sedillo.
{3} Ultimately, the State charged Defendant with contributing to the delinquency of a minor contrary to NMSA 1978, § 30-6-3 (1990), and harboring or aiding a felon contrary to Section 30-22-4. The district court denied Defendant's motion to dismiss the crime of harboring a felon. Defendant then pled to the two counts but reserved her right to appeal the district court's denial of her *921 motion in accordance with State v. Hodge, 118 N.M. 410, 414-15, 882 P.2d 1, 5-6 (1994).

DISCUSSION
{4} Defendant argues that under the Children's Code, Sedillo could not be adjudicated a "felon" as a result of his alleged participation in a burglary; at most, he could only be adjudicated a "delinquent offender." See NMSA 1978, § 32A-2-3(A), (K) (1996). Defendant therefore contends that she could not have committed the statutory offense of "harboring or aiding a felon" because Sedillo is not a "felon."
{5} Because Defendant's argument presents questions of statutory interpretation, we review the district court's ruling de novo. See State v. Lopez, 2000-NMCA-001, ¶ 3, 128 N.M. 450, 993 P.2d 767 (citing State v. Rowell, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995)). The question of whether an adult may be charged with the offense of harboring or aiding a felon when the person harbored or aided is a juvenile has not been previously considered in this state. Section 30-22-4 provides:
Harboring or aiding a felon consists of any person, ... who knowingly conceals any offender or gives such offender any other aid, knowing that he has committed a felony, with the intent that he escape or avoid arrest, trial, conviction or punishment.
In a prosecution under this section it shall not be necessary to aver, nor on the trial to prove, that the principal felon has been either arrested, prosecuted or tried.
Whoever commits harboring or aiding a felon is guilty of a fourth degree felony.
{6} The legislature's function is to determine prohibited actions and to define crimes through statutes. State v. Elmquist, 114 N.M. 551, 552, 844 P.2d 131, 132 (Ct.App. 1992). The judiciary's function is to construe statutes for their meaning. State v. Attaway, 117 N.M. 141, 145, 870 P.2d 103, 107 (1994) (stating that the primary function of an appellate court is as an expositor of law); Elmquist, 114 N.M. at 552, 844 P.2d at 132.
{7} Defendant first urges a plain meaning to the words "felon" and "felony," arguing that Section 30-22-4 requires the person harbored to be a "felon" and to have committed a "felony." Defendant concludes that juveniles can never be considered felons because their offenses are considered "delinquent acts" regardless of whether they are misdemeanors, felonies, or other types of criminal acts. Defendant contends that the language of the statute is truly clear and unambiguous; therefore, the courts must give effect to the language as written and not resort to statutory construction. State ex rel. Helman v. Gallegos, 117 N.M. 346, 351, 871 P.2d 1352, 1357 (1994). The State responds that the legislature's intent trumps a plain meaning interpretation and in no case may a plain meaning interpretation provide an absurd result. The State points out that a plain meaning interpretation would lead to an absurd result because it would allow an actor who harbors a juvenile to be shielded from a felony simply by relying on the age of the offender being harbored.
{8} In response to the State's argument, Defendant contends that the intention of the legislature is to be ascertained from the language of the statute itself relying on State v. Shop Rite Foods, Inc., 74 N.M. 55, 57, 390 P.2d 437, 439 (1964) (defining crimes and providing that the penalty is a legislative function). Defendant further argues that had the legislature intended the harboring a felon statute to apply to those who aid juveniles in avoiding arrest or trial, it could have drafted the statute to state so explicitly as did the Washington legislature. Wash. Rev. Code Ann. § 9A.76.050 (2001). Defendant argues that if the court determines that her action is within the scope of Section 30-22-4, the rule of lenity should apply because the statute is ambiguous.
{9} Other jurisdictions have considered this question. Kansas has a similar statute which criminalizes "harboring, concealing or aiding any person who has committed a felony." Kan. Stat. Ann. § 21-3812(a) (2000). In State v. Busse, 252 Kan. 695, 847 P.2d 1304, 1306 (1993), the Kansas Supreme Court held that the state properly charged an adult with aiding a felon based on the act of a juvenile because the determining factor is the conduct of the one aided, not the status of the one aided. The Kansas court recognized that even though the definition of felony did not encompass juvenile offenses, the *922 juvenile's conduct in that case was classifiable as a Class C felony; therefore, the state properly looked to the felonious conduct of the one aided not to his status as a juvenile. Id. at 1307. The Kansas court further stated that the purpose of the juvenile code is to shield juveniles from the adult consequences of their actions, not to shield adults from the consequences of their actions when they aid juveniles. The Kansas court recognized that because its ruling implicated a wholly distinct question of charging an adult with the offense of aiding a felon, the purpose of the juvenile code continued to be observed. Id. at 1306.
{10} Oklahoma and Mississippi have adopted the same approach for harboring and accessory statutes. See Shockley v. State, 724 P.2d 256, 258 (Okla.Crim.App. 1986) (stating that an adult charged with harboring a fugitive from justice cannot avoid the illegal consequences of his own actions when he harbors a minor); State v. Truesdell, 620 P.2d 427, 428-29 (Okla.Crim.App. 1980) (convicting mother of accessory to the crime of shooting with intent to kill was a separate crime from child's action of shooting a person; therefore, the child's status as a minor was immaterial to her actions); cf. Dobbs v. State, 726 So.2d 1267, 1275 (Miss.Ct. App.1998) (focusing on adult's action of assisting in disposal of weapon used by a juvenile in a burglary resulted in adult being convicted as an accessory after the fact to burglary regardless of the status of the one who committed the crime of burglary).
{11} Defendant cites to Frost v. State, 527 N.E.2d 228 (Ind.App.1988) (Miller, J. specially concurring) in support of her position. In that case, Indiana's harboring statute required the person aided to have "committed a crime." Ind.Code Ann. § 35-44-3-2 (2001). Indiana law did not allow a child to be charged with or convicted of a crime unless the child had "been waived to a court having criminal jurisdiction." Ind.Code Ann. § 31-6-3-5 (1996), repealed by P.L. 1-1997 § 157. Based on these two statutes, the Indiana Court of Appeals reversed the defendant's conviction for harboring because the prosecution failed to establish the juvenile had committed a criminal offense. This case, however, is distinguishable. As Judge Miller points out in his concurring opinion, several years before the defendant was charged, the Indiana legislature repealed the statute that had criminalized the harboring of juveniles thereby providing evidence that the legislature intended to decriminalize the harboring of juveniles. Frost, 527 N.E.2d at 231. New Mexico has no such legislative history.
{12} In interpreting a statute, we look to the legislature's intent and give it effect without an absurd result. Rowell, 121 N.M. at 114, 908 P.2d at 1382 (stating that the primary purpose of statutory construction "is to give effect to the intent of the legislature" while not rendering an absurd, unreasonable, or unjust application of the statute); State v. Mobbley, 98 N.M. 557, 558, 650 P.2d 841, 842 (Ct.App.1982). The legislature prohibited the action of concealing a person who has committed a felony by enacting Section 30-22-4. The purpose of Section 30-22-4 is to protect society from the danger an actor creates in harboring a felon. See State v. Smith, 102 N.M. 512, 514, 697 P.2d 512, 514 (Ct.App.1985).
{13} We decline to use the plain meaning doctrine to narrowly construe the words "felon" and "felony" to exclude juveniles because this construction would allow adults to commit an action the legislature prohibits and defines as a crime. See Busse, 847 P.2d at 1306 (harboring a person who has committed a felony is a separate crime from the crime of the person being concealed). This result is absurd and is not what the legislature intended. See Rowell, 121 N.M. at 114, 908 P.2d at 1382. We construe "any offender" to include a juvenile offender and "felony" to mean a crime defined in law as a felony because this is a reasonable interpretation of the statutes. Defendant concealed a juvenile, whose action of committing burglary makes him an offender. Defendant knew the juvenile committed burglary, a crime defined as a felony. See NMSA 1978, § 30-16-3 (1971). We construe the statute's language to effect the legislature's intent of protecting society. We believe that in enacting Section 30-22-4, the legislature intended to prohibit persons from harboring any offender, including juveniles. See Busse, 847 P.2d at 1306 ("The felonious conduct of the one aided, not the status of the one aided, *923 triggers the applicability of [the aiding of a felon statute].").
{14} Lastly, we reject Defendant's argument urging us to apply the rule of lenity. The rule of lenity applies "when insurmountable ambiguity persists" about the statute's scope after statutory interpretation or when we are unable to discern legislative intent. State v. Ogden, 118 N.M. 234, 242, 880 P.2d 845, 853 (1994); State v. Anaya, 1997-NMSC-010, ¶ 32, 123 N.M. 14, 933 P.2d 223. Because neither is present in this case, we need not resort to the rule of lenity.

CONCLUSION
{15} We interpret Section 30-22-4 to include principals who are juvenile offenders who have committed an offense punishable as a felony notwithstanding the fact that such offense is referred to as a delinquent act under the Children's Code. We affirm.
{16} IT IS SO ORDERED.
WE CONCUR: A. JOSEPH ALARID, Judge, and CYNTHIA A. FRY, Judge.