The Honorable Mark W. Taddiken State Senator, 21st District
2614 Hackberry Road Clifton, Kansas 66937
Dear Senator Taddiken:
You inquire whether an applicant for law enforcement training and eventual certification as a law enforcement officer[1] is disqualified where the applicant was placed on diversion, as a juvenile, for a felony crime. K.S.A. 2009 Supp. 74-5605 provides, in part:
 Prior to admission to a course conducted at the [law enforcement] training center or at a certified state or local law enforcement agency, the applicant shall furnish to the director of police training a statement . . . certifying the applicant's fulfillment of the following requirements. The applicant: *Page 2 
 . . . .
 (3) has not been convicted, does not have an expunged conviction, and on and after July 1, 1995, has not been placed on diversion by any state or the federal government for a crime which is a felony.
. . .[2]
You indicate that in Attorney General Opinion No. 99-34, Attorney General Carla J. Stovall concluded that an applicant who had been placed on diversion as a juvenile was not eligible because the plain language of the statute appeared to include anyone placed on diversion regardless of adult or juvenile status. General Stovall also determined that an adjudication as a juvenile offender is not a "conviction" for purposes of the statute.
Adjudication means that a court determines that sufficient evidence exists to believe that a juvenile committed the offense.[3] The purpose of diversion is to avoid prosecution. Diversion — whether in juvenile or adult proceedings — is an agreement between the offender and the prosecutor whereby if the offender meets certain conditions, prosecution is avoided. If the offender breaches the diversion agreement, prosecution may ensue.
While we concur with General Stovall's conclusion that an adjudication is not a "conviction" for purposes of K.S.A. 74-5605, we disagree with her determination that an applicant who was placed on diversion as a juvenile is disqualified from admission to a law enforcement training course. This determination leads to an untenable result: an applicant who committed a felony crime as a juvenile and was adjudicated is eligible for training and eventual certification as a law enforcement officer but an applicant is not eligible if the applicant either: (1) was never prosecuted because he or she successfully completed diversion; or (2) was adjudicated because of a breach of the diversion agreement.
K.S.A. 2009 Supp. 74-5605 is ambiguous because it is susceptible of more than one interpretation. Does the diversion disqualifier apply to both adults and juveniles or just adults? Where a statute is ambiguous, it must be given that construction which, when considered in its entirety, gives expression to the legislature's intent.[4]
In 1995, the legislature amended K.S.A. 74-5606 to include the diversion disqualifier.[5] There is no legislative history that illuminates why this provision was added. At the time both the Kansas Code of Criminal Procedure and the Kansas Juvenile Offenders Code *Page 3 
provided for diversion.[6] However, a juvenile proceeding then was considered "a civil proceeding of a protective nature totally devoid from any criminal implications."[7] Disqualifying applicants who had been placed on juvenile diversion would have run counter to the spirit of the Juvenile Offenders Code. Accordingly, it is doubtful that the legislature would have treated adult and juvenile diversions similarly for purposes of disqualifying applicants for law enforcement training.
Attorney General Stovall relied on the case of State v.Busse, [8] to support her conclusion that applicants placed on juvenile diversion are disqualified. In Busse, the district court dismissed a charge of aiding a felon because the felon that the defendant aided was a juvenile. State law at the time defined the crime of aiding a felon as "knowingly harboring, concealing or aiding any person who has committed afelony. . . ."[9] The Kansas Supreme Court reversed the dismissal because the statute prohibited aiding "any person" who committed a felony regardless of the status of the person aided. General Stovall concluded that the same rationale should apply to K.S.A. 74-5605 because the latter focuses on an action (i.e. being placed on diversion) rather than the status of the applicant at the time of diversion.
However, in Busse, the Court noted that interpreting the statute to include aiding juvenile offenders should not undermine "the benefits and protection that the juvenile offenders code extends to the young offender."[10] Thus, while the plain language of K.S.A. 74-5606 would appear to include all diversions for felony crimes, interpreting the statute to preclude applicants placed on juvenile diversions from being eligible to serve as members of law enforcement would have undermined the protection of the then Juvenile Offenders Code.[11]
We are also mindful of the statutory rule of construction that the legislature is presumed to intend that a statute be given a reasonable construction, so as to avoid unreasonable or absurd results.[12] Interpreting K.S.A. 74-5606 as disqualifying an applicant who was never adjudicated because he or she successfully completed diversion or was later adjudicated because of failure to complete diversion leads to an absurd result when *Page 4 
considering that an applicant who went straight to adjudication is eligible for training and eventual certification as a law enforcement officer. To the extent that the conclusion in Attorney General Opinion No. 99-34 differs, it is withdrawn.
Sincerely,
 Steve Six Attorney General
 Mary Feighny Deputy Attorney General
SS:MF:jm
[1] K.S.A. 2009 Supp. 74-5616(b)(1).
[2] Emphasis added.
[3] K.S.A. 2009 Supp. 38-2356(b).
[4] Natural Gas Pipeline Co. of America v. State Commn. ofRevenue Taxation, 163 Kan. 458 (1947).
[5] L. 1995, Ch. 180, § 4.
[6] K.S.A. 22-2906 et seq.; K.S.A. 38-1635.
[7] K.S.A. 38-1601 [Repealed L. 2006, Ch. 169, § 140];State v. Muhammad, 237 Kan. 850, 854 (1985).
[8] 252 Kan. 695 (1993).
[9] Emphasis added.
[10] 252 Kan. at 699.
[11] The Kansas Juvenile Offenders Code was revised in 1996 and renamed the Kansas Juvenile Justice Code. The Kansas Juvenile Justice Code was repealed in 2006 and replaced with the Revised Kansas Juvenile Justice Code, K.S.A. 38-2301 et seq.
[12] Todd v. Kelly, 251 Kan. 512 (1992).