(886 P.2d 890)
No. 71,142

STATE OF KANSAS, *Appellee*, v. JIMMIE SHANE WARD,
*Appellant*.

Opinion filed December 9, 1994.

*Debra J. Wilson*, assistant appellate defender, *Edward G. Collister, Jr.*, special appellate defender, and *Steven R. Zinn*, deputy appellate defender, for appellant.

No appearance by appellee.

Before RULON, P.J., PIERRON, J., and JAMES W. PADDOCK, District Judge Retired, assigned.

RULON, J.: Jimmie Shane Ward, defendant, appeals his sentence following his guilty plea to one count of attempted indecent liberties with a child in violation of K.S.A. 1991 Supp. 21-3503 and K.S.A. 1991 Supp. 21-3301. He argues the district court erroneously concluded that his offense was an offense severity level 5 when calculating his sentence under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 1993 Supp. 21-4701 *et seq.* He further contends the district court erroneously applied the Habitual Sex Offender Registration Act, K.S.A. 1993 Supp. 22-4901 *et seq.* We affirm in part, reverse in part, and remand the cause with directions.

The material facts, reduced to their essence, are as follows:

The State charged defendant with two counts of indecent liberties with a child, but amended the complaint to one count of attempted indecent liberties with a child in exchange for defendant's guilty plea. The amended complaint was never reduced to writing, but the fact of the amendment was included in the journal entry of judgment. The original charging instrument showed that the child victims were almost four years old at the time of the offenses.

The presentence investigation report (PSI) listed defendant's offense as an offense severity level 7 crime and noted defendant had a criminal history category of D. Defendant's criminal history category was based upon one prior juvenile offense of attempted indecent liberties, which would have been a person felony if committed by an adult. The PSI report noted that although this was defendant's second conviction of a sex offense, the present offense was defendant's first felony conviction. At the initial sentencing hearing, the State agreed that the present offense was defendant's first felony conviction as an adult.

At the initial sentencing hearing, the district court found, based upon the PSI report, that defendant had a history of offenses

involving children; it ordered him to undergo evaluation for pedophilia and continued the sentencing pending this evaluation. After receiving the evaluation, the court sentenced defendant to a term of imprisonment of three to seven years. The court also calculated defendant's KSGA sentence and concluded that the crime of conviction in this case was a level 5 offense, rather than a level 7 offense as the PSI report indicated. Defendant's criminal history was a category D, and, therefore, the court found defendant's presumptive sentence would be 52 months in prison. The court further certified defendant as a habitual sex offender for purposes of the Habitual Sex Offender Registration Act.

## SEVERITY LEVEL

Defendant contends that although K.S.A. 1993 Supp. 21-3504(a)(3)(A) is the statute under which he would have been charged and convicted if he had committed his offense on or after July 1, 1993, this statute should not be applied when calculating his sentence under the KSGA. Defendant argues that when the district court took the facts underlying this offense, which occurred in 1991, and fit them into a 1993 statute and used the 1993 offense severity classification, such violated the constitutional prohibition against ex post facto laws.

The State has not filed a brief in this case.

At the time of defendant's offense, indecent liberties with a child was defined as engaging in a sexual act with a child under 16 years old who was not married to the offender. This statute included the language under which defendant was charged: "any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both." K.S.A. 1991 Supp. 21-3503(1)(b). Aggravated indecent liberties with a child was defined as the offense of indecent liberties perpetrated by "any guardian, proprietor or employee of any foster home, orphanage or other public or private institution for the care and custody of minor children." K.S.A. 21-3504(1).

Under K.S.A. 1993 Supp. 21-3503(a)(1), indecent liberties was altered to be "[a]ny lewd fondling or touching of the person of

either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both" when the child was between 14 and 16 years old. This is a severity level 5 offense. K.S.A. 1993 Supp. 21-3503(c). K.S.A. 1993 Supp. 21-3504(a)(3)(A) specifies that this conduct, with a child less than 14 years old, is aggravated indecent liberties. Aggravated indecent liberties is a severity level 3 offense. K.S.A. 1993 Supp. 21-3504(c).

The original complaint in this case reads in relevant part:

"[T]hat during the month of September 1991, in Chase County, Kansas, one Jimmy [*sic*] Shane Ward, then and there unlawfully, feloniously, and willfully: engage in lewd (fondling) and or (touching) of [S.B.], Date of Birth 10/17/87, a child under the age of sixteen (16) years, with the intent to (arouse) (satisfy) the sexual desires of either the child or the offender or both. Said act being Indecent Liberties with a child in violation of K.S.A. 21-3505, as amended, a Class C Felony."

This language was repeated in the second charge with regard to S.B.'s twin sister, E.B.

Defendant pled guilty to one count of attempting to engage in indecent liberties with a child in violation of K.S.A. 1991 Supp. 21-3503. The district court relied upon affidavits filed in regard to the original charges in finding a sufficient factual basis for defendant's plea.

The complaint in this case specified the victims' date of birth, showing that both were well under 14 years old. Under the law in effect at the time of sentencing, the offense to which defendant pled guilty would have been attempted aggravated indecent liberties with a child. Conviction of an attempt to commit a crime results in an offense severity level of two levels lower than the severity level of the crime attempted. K.S.A. 1993 Supp. 21-3301(c). Therefore, attempted aggravated indecent liberties would result in an offense severity level of 5. Attempted indecent liberties would result in an offense severity level of 7.

Under K.S.A. 1993 Supp. 21-4724(f), a district court shall sentence a pre-July 1, 1993, offender who is sentenced after July 1, 1993, under the law as it existed prior to July 1, 1993. However, the district court "shall compute the appropriate sentence had

the person been sentenced pursuant to the Kansas sentencing guidelines." K.S.A. 1993 Supp. 21-4724(f). This language requires a KSGA determination made for retroactivity purposes, similar to the determination the Department of Corrections (DOC) is required to make in K.S.A. 1993 Supp. 21-4724(c)(1). K.S.A. 1993 Supp. 21-4724(c)(1) requires the DOC to prepare a KSGA report for all inmates, except those who have convictions for crimes which, if committed on or after July 1, 1993, would constitute severity level 1 through 4 felonies.

Defendant contends that permitting the district court to look to the facts underlying his conviction in determining his offense severity level violates the constitutional prohibition against ex post facto laws. Defendant argues the court should simply consider the crime of conviction, attempted indecent liberties, and find that his offense severity rating is level 7. We disagree.

"The United States Constitution prohibits the legislative enactment of any ex post facto law. U.S. Const. art. 1, § 10. Two critical elements must be present for a criminal or penal law to be ex post facto: It must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. A criminal law disadvantages the offender if it punishes an act not punishable when committed, imposes additional punishment to that then prescribed, aggravates the crime, or alters the legal rules of evidence." *Lamb v. Kansas Parole Board*, 15 Kan. App. 2d 606, Syl. ¶ 8, 812 P.2d 761 (1991).

A trial court's interpretation of a statute is a question of law, and this court's scope of review is unlimited. *State v. Williams*, 18 Kan. App. 2d 424, 425, 856 P.2d 158 (1993). " 'It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained.' " *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993) (quoting *West v. Collins*, 251 Kan. 657, Syl. ¶ 3, 840 P.2d 435 [1992]).

" 'In determining legislative intent, courts are not limited to a mere consideration of the language used, but look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished and the effect the statute may have under the various constructions suggested.' " *State v. Gonzales*, 255 Kan. 243, 249, 874 P.2d 612 (1994) (quoting *Brown v. Keill*, 224 Kan. 195, Syl. ¶ 3, 580 P.2d 867 [1978]).

" '[T]he legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.' [Citation omitted.]" *Todd v. Kelly*, 251 Kan. 512, 516, 837 P.2d 381 (1992).

" 'In order to ascertain the legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act, but are required to consider and construe together all parts thereof *in pari materia*. When the interpretation of some one section of an act according to the exact and literal import of its words would contravene the manifest purpose of the legislature, the entire act should be construed according to its spirit and reason, disregarding so far as may be necessary the strict letter of the law.' [Citation omitted.]" *Todd v. Kelly*, 251 Kan. at 516.

We conclude that the legislative intent of K.S.A. 1993 Supp. 21-4724(c)(1) and (f) is to look to the criminal acts committed prior to July 1, 1993, for which a defendant was convicted and then determine what crime those acts would constitute after July 1, 1993, and the appropriate severity level.

Consequently, we conclude the sentencing court did not err when determining defendant's severity level as required by the KSGA.

## HABITUAL SEX OFFENDER

Defendant contends the Habitual Sex Offender Registration Act should not have been applied to him because his only previous offense of this nature resulted in a juvenile adjudication and disposition and was neither a felony nor a conviction. Defendant claims that because he has only one felony conviction for a sexually violent crime, the district court erred in applying the Act to him.

The Habitual Sex Offender Registration Act requires a habitual sex offender, after discharge from confinement, to register within 30 days with the sheriff of any county in which the offender resides for more than 30 days. K.S.A. 1993 Supp. 22-4904 and K.S.A. 1993 Supp. 22-4905. A habitual sex offender is defined in K.S.A. 1993 Supp. 22-4902(a) as "any person who, after the effective date of this act, is convicted . . . of any of a sexually violent crime set forth in subsection (b)." A conviction from another state shall be considered a conviction for purposes of this statute.

A sexually violent crime includes, among other crimes, indecent liberties with a child and aggravated indecent liberties with a child, and attempts to commit these crimes. K.S.A. 1993 Supp. 22-4902(b).

At sentencing, the parties agreed that the present conviction was defendant's first felony conviction. But, defendant did admit that he had a prior juvenile offense of attempted indecent liberties.

A proceeding under the Kansas Juvenile Offenders Code, K.S.A. 38-1601 *et seq.*, is civil in nature. "In Kansas, a juvenile proceeding has long been considered a civil proceeding of a protective nature totally divorced from any criminal implications." *State v. Muhammad*, 237 Kan. 850, 854, 703 P.2d 835 (1985). The Code specifically provides that "[i]n no case shall any order, judgment or decree of the district court, in any proceedings under the provisions of this code, be deemed or held to import a criminal act on the part of any juvenile." K.S.A. 38-1601.

The plain language of the Habitual Sex Offender Registration Act indicates that only convictions for sexually violent crimes may be considered in determining whether an offender is a habitual sex offender. The plain language of the Juvenile Offenders Code provides that adjudications under the Code are not criminal convictions. Where the language of statutes is plain and unambiguous, this court is required to give effect to that language without considering what the law should or should not be. *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992).

Further, the legislature is clearly aware that juvenile adjudications do not count as criminal convictions. In writing the KSGA, the legislature made special provisions in K.S.A. 1993 Supp. 21-4710 to include juvenile adjudications, in some instances, as part of an offender's criminal history, showing its awareness that without the special provisions juvenile adjudications could not be counted as prior convictions. Had the legislature intended to include prior juvenile adjudications for sexually violent offenses as part of the Habitual Sex Offender Registration Act, such could have been done.

Affirmed in part, reversed in part, and remanded with directions that the district court vacate that portion of the sentencing order which subjects the defendant to the requirements of the Habitual Sex Offender Registration Act.