Nos. 76,328
76,417

STATE OF KANSAS, *Appellant*, v. CLINT L., JOHN L. S.,
JAMES E. R., DAVID N., and RICKY A., *Appellees*.

(936 P.2d 235)

Opinion filed
April 18, 1997.

*Doyle Baker*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellant.

*Steven R. Zinn*, deputy appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellees.

The opinion of the court was delivered by

ABBOTT, J.: The issue in this case is whether the trial court erred in dismissing the aggravated escape from custody charges under K.S.A. 21-3810(a) because the respondents were not being held "upon a charge or conviction of felony" when they escaped from custody. The respondents were being held in the juvenile detention facility in Sedgwick County. Some of the respondents had been adjudicated as juvenile offenders and some were being held pending juvenile adjudication hearings.

The juvenile proceedings arose out of acts committed by the respondents which would have constituted felonies had the respondents been adults. When the respondents were recaptured after their escape from custody, they were charged with aggravated escape from custody pursuant to K.S.A. 21-3810(a).

At that time, K.S.A. 21-3810(a) provided in pertinent part:

"Aggravated escape from custody is

"(a) Escaping while held in lawful custody upon a charge or conviction of felony. . . ."

The trial court found that the respondents could not be convicted of aggravated escape under this statute because they were not being held "upon a charge or conviction of [a] felony" at the time of their escape. Instead, they were being held upon a juvenile charge or adjudication at the time of their escape. The State takes issue with the trial court's ruling.

Statutory interpretation is a question of law. This court's review of a question of law is unlimited. *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). "When determining a question of law, this court is not bound by the decision of the district court." *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

Criminal statutes are to be construed strictly against the State. *State v. JC Sports Bar, Inc.*, 253 Kan. 815, 818, 861 P.2d 1334 (1993). This court may not give a different meaning to a word in a criminal statute than the meaning that the word usually possesses. *State v. Frazier*, 248 Kan. 963, 971, 811 P.2d 1240 (1991).

In support of its argument, the State cites to *State v. Busse*, 252 Kan. 695, 847 P.2d 1304 (1993). In *Busse*, the adult defendant was charged with aiding a felon in violation of K.S.A. 21-3812(a). This statute states:

"(a) Aiding a felon is knowingly harboring, concealing or *aiding any person who has committed a felony* under the laws of this state or another state or the United States with intent that such person shall avoid or escape from arrest, trial, conviction or punishment for such felony." (Emphasis added.)

The trial court dismissed the charge, finding that the defendant had not aided a person who had committed a felony but rather the

defendant had aided a juvenile offender. The State appealed, and this court reversed. In *Busse*, this court stated:

"We do not believe that the legislature intended to exclude adults aiding juveniles who commit felonious acts from the provisions of K.S.A. 21-3812(a) [aiding a felon]. The very language in K.S.A. 21-3812(a) supports this result. The statute prohibits aiding any person who has committed a felony. The felonious *conduct* of the one aided, *not the status* of the one aided, triggers the applicability of K.S.A. 21-3812(a).

"We acknowledge that the definition of 'felony' in K.S.A. 21-3105 does not expressly include juvenile offenses. The defendant relies on this definition to support his claim that if the legislature had intended K.S.A. 21-3812(a) to prohibit aiding one who has committed a juvenile offense, it could have expressly so provided. We agree that the legislature could have been more explicit, but we disagree that in the absence of that specificity, the statute does not proscribe the defendant's aid to the juvenile. . . .

" . . . The *juvenile offenders code* . . . *was enacted for the benefit of the* juvenile. This case charges a separate crime committed by an adult. It would serve no useful purpose to allow the status granted to a juvenile to inure to the benefit of an adult who aided a juvenile who committed a felonious act.

" . . . We hasten to add that interpreting K.S.A. 21-3812(a) to include aiding juvenile offenders in no way undermines the benefits and protection that the juvenile offenders code extends to the young offender." 252 Kan. at 697-99. (Emphasis added.)

The State also points to the 1996 amendment to K.S.A. 21-3810, which was enacted after the trial court dismissed the aggravated escape from custody charges against these respondents. The statute now reads in pertinent part:

"Aggravated escape from custody is:

"(a) Escaping while held in lawful custody upon a charge or conviction of a felony *or upon a charge or adjudication as a juvenile offender as defined in K.S.A. 38-1602, and amendments thereto, where the act, if committed by an adult, would constitute a felony* . . . ." K.S.A. 1996 Supp. 21-3810(a). (Emphasis added.)

The State acknowledges that, ordinarily, courts presume the legislature intended to change the effect of a statute when the legislature changes the language of a statute. *Hughes v. Inland Container Corp.*, 247 Kan. 407, 414, 799 P.2d 1011 (1990) ("When the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the amendment.") However, according to the State, the legislature's amendment of

K.S.A. 21-3810 was simply an intent to clarify this issue on appeal and was not an intent to change the law.

Thus, the State asserts that K.S.A. 21-3810(a), as it existed when the respondents escaped, was applicable to escapees who were being held for conduct which, if committed by an adult, would have constituted a felony. Since the respondents were in custody as juvenile offenders for committing felonious acts when they escaped, the State asserts that this is sufficient to bring the respondents' conduct within the scope of the aggravated escape from custody statute. We disagree.

K.S.A. 21-3810(a) specifically and clearly describes a person who may be convicted under the statute as one who escaped while being held in custody upon a charge or conviction of a felony. A felony is defined as a "crime." K.S.A. 21-3105(1). Under the Juvenile Offenders Code, a juvenile adjudication cannot carry any criminal implications or qualify as a crime. See K.S.A. 38-1601. See also *State v. Muhammad*, 237 Kan. 850, 854, 703 P.2d 835 (1985) ("[A] juvenile proceeding has long been considered a civil proceeding of a protective nature totally divorced from any criminal implications. . . . 'The whole design of the juvenile law is to avoid charging the juvenile offender with crime.' "); *State v. Ward*, 20 Kan. App. 2d 238, 244, 886 P.2d 890 (1994), *rev. denied* 257 Kan. 1096 (1995). ("The plain language of the Juvenile Offenders Code provides that adjudications under the Code are not criminal convictions. Where the language of statutes is plain and unambiguous, this court is required to give effect to that language without considering what the law should or should not be.") This court recently reiterated the rule that a juvenile adjudication does not constitute a criminal conviction in *State v. Lanning*, 260 Kan. 815, 925 P.2d 1145 (1996).

Further, the legislature has previously demonstrated its awareness of the distinction between criminal convictions and juvenile adjudications. The legislature knew how to include escapes from custody for juvenile adjudications within K.S.A. 21-3810(a) if it desired to do so. For instance, in K.S.A. 21-4204, the criminal possession of a firearm statute, the legislature specifically proscribed possession of a firearm by both a person convicted of one

of the enumerated felonies within a certain time period and a person who "was adjudicated a juvenile offender because of the commission of an act which if done by an adult would constitute the commission" of a felony. K.S.A. 21-4204(a)(2) and (4). Also, the legislature made specific reference to juvenile adjudications in several sentencing guidelines statutes, including K.S.A. 21-4703(c), K.S.A. 21-4606b, K.S.A. 21-4709, and K.S.A. 21-4710.

In *State v. Ward*, 20 Kan. App. 2d at 243-44, the Court of Appeals found that the Habitual Sex Offender Registration Act, K.S.A. 22-4901 *et seq.*, only allows convictions for sex offenses, not juvenile adjudications for sex offenses, to be used in the determination of whether one is a habitual sex offender. In so holding, the court pointed out that the legislature is aware that criminal convictions and juvenile adjudications are not the same thing. For instance, the legislature specifically included juvenile adjudications as a part of an offender's criminal history in certain instances under K.S.A. 21-4710. The court found that this specific reference to juvenile adjudications was an indication that the legislature knew juvenile adjudications could not be treated as criminal convictions unless it specifically provided for this result. Thus, according to the *Ward* court, if the legislature had intended to include juvenile adjudications in the determination of whether one is a habitual sex offender, the legislature could have made specific reference to juvenile adjudications in the statute. Since it did not, the *Ward* court concluded that the legislature must not have intended for juvenile adjudications to be subject to the Habitual Sex Offender Registration Act. 20 Kan. App. 2d at 244.

Moreover, in 1996, the legislature amended K.S.A. 21-3810 for the third time in 5 years and included escapes from custody while under juvenile adjudication of felonious acts. This amendment also indicates that the State's position is incorrect. "When the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the amendment." *Hughes v. Inland Container Corp.*, 247 Kan. at 414. The juveniles escaped before the 1996 amendment was enacted; therefore, the amendment does not apply to them. If the amendment changed the law from how it existed prior to the amendment, then at the

time of the respondents' escapes, it is presumed that K.S.A. 21-3810(a) did not apply to juvenile offender escapees.

Thus, we conclude that if the legislature had intended to include juveniles who committed felonious acts within the scope of the aggravated escape statute, it clearly knew how to do so and could have done so. The adoption of the 1996 amendment to the aggravated escape statute demonstrates a legislative recognition that the aggravated escape statute, as it existed at the time of the escapes herein, did not apply to an escape by a juvenile who was in custody pursuant to a juvenile adjudication.

In summary, when the respondents escaped, they were being held in custody for juvenile adjudications or pending juvenile adjudications for felonious acts; they were not being held in custody for a charge or conviction of a felony. Thus, K.S.A. 21-3810(a) did not apply to the respondents' escapes, and the trial court properly dismissed the aggravated escape charges filed against the respondents under 21-3810(a) for these escapes.

Affirmed.