Larry Welch, Director Kansas Bureau of Investigation 1620 S.W. Tyler Topeka, Kansas 66612-1837
Dear Mr. Welch:
You request our opinion concerning how juvenile offender information is to be recorded by the Kansas Bureau of Investigation (KBI). The KBI operates the registry for the Kansas Offender Registration Act and the central repository which houses the criminal justice information system and the juvenile offender information system. These various registries contain information relating to the criminal histories of adults and juvenile offenders. Some of this information is available to the public and some is not. With the numerous changes to the Kansas Juvenile Offender's Code [now the Kansas Juvenile Justice Code] wrought by the Juvenile Justice Reform Act of 1996, we address your queries, as follows:
1. If a juvenile offender is required to register as a sex offender, is the registration a public record?
The Kansas Offender Registration Act, K.S.A. 22-4901
et seq., as amended by L. 1997, Ch. 181, § 7, requires certain "offenders" to register with the sheriff of the county where they reside. K.S.A. 1996 Supp. 22-4904, as amended by L. 1997, Ch. 181, § 9. The offender is required to fill out a registration form that contains a variety of information regarding the offender and the offender's criminal history. K.S.A. 1996 Supp. 22-4907
as amended by L. 1997, Ch. 181, § 12. This information is available to the public pursuant to K.S.A. 22-4909, as amended by L. 1997, Ch. 181, § 14 which provides, in part, as follows:
 "The statements or any other information required by the Act shall be open to inspection in the sheriff's office by the public and specifically are subject to the provisions of the Kansas open records act. . . ."
A predecessor to the current Act, the Habitual Sex Offender Registration Act, was construed by the Kansas Supreme Court as excluding juvenile offenders. State v. Ward, 20 Kan. App. 2d 238 (1994). In 1996, the Act was amended as follows: "if a diversionary agreement or probation order, either adult or juvenile, requires registration under the Kansas offender registration act then all provisions of this act shall apply, except that the term of registration shall be controlled by such diversionary agreement or probation order." K.S.A. 1996 Supp. 22-4904(a)(5), as amended by L. 1997, Ch. 181, § 9 (emphasis added).
It is our opinion that if a juvenile offender is required to register under the Act pursuant to a diversionary agreement or a probation order, the provisions of K.S.A. 22-4909, as amended by L. 1997, Ch. 181, § 14, apply and the information required by the Act will be open to inspection by the public.
2. If a juvenile is convicted under an extended jurisdiction juvenile prosecution, is the conviction recorded as an adult or juvenile for criminal history record purposes?
The KBI is required to keep a central repository which houses the criminal justice information system central repository created by K.S.A. 22-4701 et seq. and the juvenile offender information system created by K.S.A.38-1618. The juvenile offender information system requires juvenile justice agencies to report to the KBI a series of "reportable events" which include: "a trial in a proceeding pursuant to the Juvenile Justice Code" and "a sentence in a proceeding pursuant to the Code." K.S.A. 38-1617, as amended by L. 1996, Ch. 229, § 57(e). Information in the juvenile offender information system is confidential and cannot be disclosed to the general public. K.S.A. 38-1618, as amended by L. 1997, Ch. 156, § 53.
The criminal justice information system requires criminal justice agencies to report certain criminal history events. Prior to 1997, this system excluded juvenile offender information, but now the system includes this information as well. See K.S.A. 22-4701, as amended by L. 1997, Ch. 156, § 39(b)(2). Reportable events include convictions and the "imposition of sentence." K.S.A. 22-4705(a)(5)(6). Some criminal history information may be disseminated to the public for certain purposes. K.S.A. 22-4707; K.A.R. 10-12-1.
After January 1, 1998, a prosecuting attorney may file a motion requesting that the court designate the juvenile proceedings as an extended jurisdiction juvenile prosecution.
K.S.A. 38-1636, as amended by L. 1997, Ch. 156, § 58. If the court grants the motion after considering the factors listed in the statute, the juvenile has a right to a jury trial, the assistance of counsel and all of the other rights of a defendant pursuant to the Kansas Code of Criminal Procedure. K.S.A. 38-1636, as amended by L. 1997, Ch. 156, § 58(f)(2). K.S.A. 1996 Supp.38-16,126, as amended by L. 1997, Ch. 156, § 79 provides, as follows:
"On and after January 1, 1998:
 "(a) If an extended jurisdiction juvenile prosecution results in a guilty plea or finding of guilt, the court shall:
 "(1) Impose one or more juvenile sentences under K.S.A. 38-1663. . .; and
 "(2) impose an adult criminal sentence, the execution of which shall be stayed on the condition that the juvenile offender not violate the provisions of the juvenile sentence and not commit a new offense.
 "(b) When it appears that a person convicted as an extended jurisdiction juvenile has violated the conditions of the juvenile sentence or is alleged to have committed a new offense, the court, without notice, may revoke the stay and probation and direct that the juvenile offender be taken into immediate custody and deliver [sic] to the secretary of corrections. . . . If the juvenile offender challenges the reasons, [for revocation of the stay of execution] the court shall hold a hearing on the issue at which the juvenile offender is entitled to be heard and represented by counsel. After the hearing, if the court finds by substantial evidence that the juvenile has violated the conditions of the juvenile sentence, the court shall revoke the juvenile sentence and order the imposition of the adult sentence previously ordered.
. . . .
 "Upon such finding, the juvenile's extended jurisdiction status is terminated, and juvenile court jurisdiction is terminated." (Emphasis added.)
After January 1, 1998, in an extended jurisdiction juvenile proceeding, the court will impose a juvenile sentence and an adult sentence. The adult sentence is stayed unless the juvenile violates the juvenile sentence or commits a new act. Section 79(b) of L. 1997, Ch. 156 provides: "When it appears that a person convicted as an extended jurisdiction juvenile has violated the conditions of the juvenile sentence or is alleged to have committed a new offense, the court . . . may revoke the stay . . . and direct that the juvenile offender be taken into immediate custody. . . ."
It is our opinion that when a juvenile is found guilty in an extended jurisdiction juvenile proceeding, the juvenile has a conviction which is a reportable event pursuant to K.S.A. 22-4705. K.S.A. 1996 Supp. 38-16,126
is clear that the juvenile is not "adjudicated."
Rather, the juvenile is "convicted" and that conviction should be reported to the KBI's criminal justice information system.
3. If a juvenile is convicted of a crime which would require registration if convicted as an adult and such juvenile is convicted under an extended jurisdiction juvenile prosecution, must the juvenile register under the Kansas Offender Registration Act?
The Kansas Offender Registration Act, K.S.A. 22-4901
et seq, as amended by L. 1997, Ch. 181, § 7 et seq., requires juveniles to register with the sheriff in the county where the juvenile resides if required to do so under a diversion agreement or a probation order.
K.S.A. 1996 Supp. 22-4904, as amended by L. 1997, Ch. 181, § 9. The Act also requires certain offenders who are convicted of certain crimes to register with the sheriff as well.
In State v. Ward, supra, the Supreme Court concluded that the Sex Offender Registration Act, which is now the Kansas Offender Registration Act, did not require juveniles to register because the Act only applied to individuals who were convicted of certain offenses and juvenile adjudications were not convictions. As indicated previously, Ward was decided in 1994 and, in 1996, the legislature amended the Act to require juveniles to register if required to do so by diversion agreement or probation order.
It is our opinion that the Kansas Offender Registration Act requires persons who are "offenders" as defined by the Act to comply with its provisions. "Offender" is defined to include any person who is convicted of the offenses listed in the Act. K.S.A.22-4902, as amended by L. 1997, Ch. 181, § 8(a). A juvenile who is found guilty in an extended jurisdiction juvenile prosecution proceeding is convicted, not "adjudicated," of the offense charged. Therefore, such juveniles must register if convicted of an offense that brings them within the definition of an "offender" under the Kansas Offender Registration Act.
4. If a juvenile is required to register under the Kansas Offender Registration Act, must the juvenile list the prior crimes committed as a juvenile on the registration form?
The Kansas Offender Registration Act requires that registrants fill out a form that includes "offense or offenses committed, date of conviction or convictions obtained. . . ." K.S.A. 1996 Supp. 22-4907, as amended by L. 1997, Ch. 181, § 12. This language predates the 1996 amendment that required juveniles to register if required to do so in a diversion agreement or under a probation order so the query is still cast in language that reflects the adult nature of the Act. Still, juveniles who are required to register must include offenses on the registration form. Only juveniles who are "convicted" of offenses either in an adult prosecution or under an extended jurisdiction juvenile prosecution will have to report the dates of those convictions.
Summarizing our opinion, the registration information required by the Kansas Offender Registration Act which is provided by a juvenile offender who is required to register as a sex offender because a diversion agreement or probation order requires registration is open to inspection by the public pursuant to K.S.A. 22-4909, as amended by L. 1997, Ch. 181, § 14. Further, a juvenile who is found guilty in an extended jurisdiction juvenile prosecution has a conviction that must be recorded in the criminal justice information system central repository because a conviction is a reportable event pursuant to K.S.A. 22-4705(a)(5). The Kansas Offender Registration Act requires persons who are "offenders" as defined by the Act to comply with its provisions. "Offender" is defined to include any person who is convicted of the offenses listed in the Act. K.S.A. 22-4902, as amended by L. 1997, Ch. 181, § 8(a). A juvenile who is found guilty in an extended jurisdiction juvenile prosecution proceeding is convicted of the offense charged and if, as a result of the conviction, the juvenile falls within the parameters of the Kansas Offender Registration Act, the juvenile must comply with its provisions. A juvenile who is required to comply with the Kansas Offender Registration Act must provide information that includes offenses committed and, if the juvenile was convicted of the offense(s), the juvenile must include the dates of any convictions.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm