Ed H. Pavey, Director Kansas Law Enforcement Training Center P.O. Box 647 Hutchinson, Kansas 67504
Dear Mr. Pavey:
You inquire concerning the requirement that applicants to the Kansas Law Enforcement Training Center (Training Center) have no convictions, expunged convictions, or diversions for felony crimes or misdemeanor domestic violence crimes and how those prohibitions apply to applicants who may have been adjudicated as juvenile offenders or convicted of felonies while a juvenile. A juvenile is a person who is at least 10 years old but less than 18 years old.[1]
K.S.A. 1998 Supp. 74-5605 provides, in part:
 "[Prior] to admission to a course conducted at the training center . . . the applicant shall furnish to the director a statement from the applicant's appointing authority . . . certifying the applicant's fulfillment of the following requirements. The applicant:
. . . .
 "(c) has not been convicted, does not have an expunged conviction, and on and after July 1, 1995, has not been placed on diversion by any state or the federal government for a crime which is a felony or its equivalent under the uniform code of military justice;
 "(d) has not been convicted, does not have an expunged conviction, has not been placed on diversion by any state or the federal government for a misdemeanor crime of domestic violence or its equivalent under the uniform code of military justice, when such misdemeanor crime of domestic violence was committed on or after the effective date of this act [July 1, 1997]. . . ." (Emphasis added.)
Prior to the enactment of the Juvenile Justice Reform Act of 1996, juvenile offender proceedings under the Kansas Juvenile Offenders Code (Juvenile Offenders Code) were civil proceedings and, therefore, adjudications under the Code did not constitute criminal convictions.[2] The only exception was if a juvenile was prosecuted as an adult pursuant to K.S.A. 38-1636 and convicted.[3] If the conviction were for a felony crime, such conviction would preclude a person from being eligible to attend the Training Center. However, an adjudication under the Juvenile Offenders Code would not preclude such a person from being eligible to attend the Training Center.
The Juvenile Justice Reform Act of 1996, which created the Kansas Juvenile Justice Code, retained the Juvenile Offenders Code concept of adjudication rather than conviction[4] but added the extended jurisdiction juvenile prosecution which allows a juvenile to be prosecuted and convicted of a crime if certain conditions apply.[5] The Kansas Juvenile Justice Code also retained the former Juvenile Offenders Code option of prosecuting a juvenile as an adult which allows for the possibility of a conviction.[6]
Consequently, if an applicant to the Training Center has a felony conviction acquired as a result of being prosecuted as an adult under either the Kansas Juvenile Offenders Code or the Kansas Juvenile Justice Code, or if the applicant has a felony conviction as a result of an extended jurisdiction juvenile prosecution, such applicant is disqualified from attending the Training Center. However, if the applicant was adjudicated a juvenile offender
under either the Kansas Juvenile Offenders Code or the Kansas Juvenile Justice Code, such applicant is not disqualified. If the applicant has a juvenile offender history in another state, it will be necessary to determine whether that history produced a felony conviction which would disqualify the applicant, or whether what occurred is more akin to an adjudication which would not disqualify the applicant.
K.S.A. 1998 Supp. 74-5605(c) also requires an applicant's appointing authority to certify that the applicant does not have an expunged felony conviction. As previously indicated, a juvenile adjudication does not disqualify an applicant from admission to the Training Center, and, therefore, an applicant who has had his or her adjudication records expunged pursuant to K.S.A. 1998 Supp. 38-1610 is not disqualified. On the other hand, an applicant who may have obtained an expungement of felony convictions pursuant to K.S.A. 1998 Supp. 21-4619 that were acquired while a juvenile will be disqualified from admission.
On July 1, 1995, the Legislature added another disqualifier for admission to the Training Center precluding applicants who had been placed on diversion after July 1, 1995 for felony crimes.[7] On that same date, K.S.A. 38-1635 was amended to allow courts to develop diversion programs for juveniles who had not been previously adjudicated or were not facing charges for certain crimes, including some felonies.
Assuming that an applicant to the Training Center had been placed on a juvenile diversion on or after July 1, 1995 for a felony crime, it is our opinion that such applicant would be disqualified because K.S.A. 1998 Supp. 74-5605(c) clearly disqualifies an applicant who was placed on diversion after July 1, 1995 "by any state . . . for a crime which is a felony" regardless of juvenile status.
In State v. Busse,[8] the district court dismissed a charge of aiding a felon because the felon that the adult defendant was alleged to have aided was a juvenile. At that time, K.S.A.21-3812(a) provided that the crime of aiding a felon was "knowingly harboring, concealing or aiding any person who has committed afelony under the laws of this state. . . ." (Emphasis added.) The district court dismissed the charge because the person who had actually committed the felony of aggravated battery was a juvenile.
The Kansas Supreme Court reversed the dismissal by concluding that the statute prohibited aiding any person who committed a felony regardless of the status of the person aided:
 "The definition of `felony' . . . does not encompass juvenile offenses; it defines felony as a crime punishable by death or imprisonment in a penal institution. Yet, we cannot ignore that the juvenile committed a felonious act of aggravated battery as that conduct is defined in K.S.A. 21-3414.
 "We do not believe that the legislature intended to exclude adults aiding juveniles who commit felonious acts from the provisions of K.S.A. 21-3812. The very language in K.S.A. 21-3812(a) supports this result. The statute prohibits aiding any person who has committed a felony. The felonious conduct of the one aided, not the status of the one aided, triggers the applicability of K.S.A. 21-3812(a)." (Emphasis added.)
The same rationale applies to K.S.A. 1998 Supp. 74-5605(c), which focuses on an action (i.e. being placed on diversion) rather than the juvenile status of the applicant at the time the latter was placed on diversion. Subsection (c) disqualifies any applicant who was placed on diversion for a felony crime after July 1, 1995 regardless of the status of the applicant at the time of the diversion.
This diversion prohibition becomes less clear after July 1, 1997 because, during the 1996 Legislative session, the Legislature eliminated the concept of juvenile diversion and embraced "immediate intervention programs" which allowed courts [and, now prosecuting attorneys][9] to develop programs designed to avoid juvenile prosecutions:
 "On and after July 1, 1997, K.S.A. 1995 Supp. 38-1635 is hereby amended to read as follows: 38-1635. (a) Except as provided in subsection (b), each court may adopt a policy and establish guidelines for a diversion an immediate intervention program by which a respondent may avoid such an adjudication. prosecution as a juvenile offender. In addition to the court adopting policies and guidelines for the immediate intervention programs, the court, the county or district attorney and the director of the intake and assessment center . . . may develop local programs to:
 "(1) Provide for the direct referral of cases . . . to youth courts, restorative justice center, citizen review boards . . .
 "(b) A diversion [An] immediate intervention program shall provide that a respondent is ineligible . . . if the respondent has been previously adjudicated . . . or faces pending charges as a juvenile offender, for committing acts which, if committed by an adult would constitute:
 "(2) a violation of an off-grid crime, a severity level 1, 2 or 3 felony for nondrug crimes or drug severity level 1 or 2 felony for drug crimes person felony, or a felony or misdemeanor committed when the respondent was in possession of a deadly weapon."
 "(c) A diversion An immediate intervention program may include a stipulation . . . of the facts upon which the charge is based and a provision that if the respondent fails to fulfill the terms of the specific diversion immediate intervention agreement and the adjudication immediate intervention proceedings are resumed, the proceedings . . . shall be conducted on the record of the stipulation of facts."[10] (Emphasis and strike-outs in the original.)
While there is no legislative history that illuminates the intent of the Legislature concerning the diversion prohibition for Training Center applicants, it is our opinion that the Legislature wanted to exclude an applicant who avoided prosecution on felony charges by entering into an agreement whereby the charge was dismissed upon the satisfaction of certain conditions. While it is not clear whether the Training Center prohibition includes a situation where an applicant was charged with a felony crime as a juvenile and placed in an immediate intervention program after July 1, 1997, it is our opinion that the diversion prohibition of K.S.A. 1998 Supp. 74-5605 is broad enough to encompass such an applicant if the immediate intervention program included a component that the juvenile could avoid prosecution on a felony charge after compliance with certain conditions.
Your final query concerns the application of the provision in K.S.A. 1998 Supp. 74-5605(d) as it relates to an applicant who may have committed a "misdemeanor crime of domestic violence" while a juvenile. "Misdemeanor crime of domestic violence" is defined, as follows:
 "`Misdemeanor crime of domestic violence' means a violation of domestic battery as defined by subsection (c)(4) of K.S.A. 21-3412 . . . or any other misdemeanor under federal, municipal, or state law that has as an element the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabitating with or has cohabitated with the victim as a spouse, parent or guardian, or by a person similarly situated to a spouse, parent or guardian of the victim."[11]
The crime of domestic battery as defined by K.S.A. 1998 Supp.21-3412 cannot be committed by a person under the age of 18 because the statute defines a "family or household member" to include only persons over the age of 18[12] so an applicant to the Training Center could not have been convicted of a violation of K.S.A. 1998 Supp. 21-3412(c)(4) as a juvenile. However, the definition of "misdemeanor crime of domestic violence" also includes "any other misdemeanor under federal, municipal or state law" that contains the elements identified in K.S.A. 1998 Supp.74-5602(h). Therefore, if a person under the age of 18 can commit a misdemeanor crime of domestic violence, an applicant to the Training Center may be disqualified if such applicant, while a juvenile, committed a misdemeanor crime of domestic violence after July 1, 1997 and, as a consequence, was convicted of such offense, obtained an expungement, or was placed on diversion.
Summarizing, it is our opinion that:
(1) An applicant for admission to the Kansas Law Enforcement Training Center may be disqualified if, while a juvenile, the applicant was prosecuted and convicted of a felony as an adult under the Kansas Juvenile Offenders Code or the current Kansas Juvenile Justice Code, or was prosecuted and convicted under an extended jurisdiction juvenile prosecution pursuant to K.S.A. 1998 Supp. 1998 Supp. 38-1626, as amended by L. 1999, Ch. 156, § 14. An applicant who was adjudicated a juvenile offender under either the Kansas Juvenile Offenders Code or the Kansas Juvenile Justice Code does not have a conviction and, therefore, is not disqualified.
(2) An applicant who has obtained an expungement pursuant to K.S.A. 1998 Supp. 21-4619 of felony convictions that were acquired as a result of a prosecution and conviction as an adult or in an extended jurisdiction juvenile prosecution is also disqualified from admission to the Training Center.
(3) An applicant who, as a juvenile, obtained a diversion for a felony crime after July 1, 1995 is disqualified from admission to the Training Center. Moreover, an applicant who was placed into an immediate intervention program for a felony crime after July 1, 1997 is also disqualified if the immediate intervention program included a component that the juvenile could avoid prosecution for a felony crime after compliance with certain conditions.
(4) If a person under the age of 18 can commit a "misdemeanor crime of domestic violence" as defined at K.S.A. 1998 Supp.74-5602(h), an applicant to the Training Center may be disqualified if such applicant, while a juvenile, committed a misdemeanor crime of domestic violence after July 1, 1997 and, as a consequence, was convicted of such offense, obtained an expungement, or was placed on diversion.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] K.S.A. 1998 Supp. 38-1602, as amended by L. 1999, Ch. 156, § 11.
[2] State v. Clint L., 262 Kan. 174 (1997); State v. Ward,20 Kan. App. 2d 238, 244 (1995).
[3] K.S.A. 38-1636(f) and (h).
[4] K.S.A. 1998 Supp. 38-1655, as amended by L. 1999, Ch. 116, § 45.
[5] K.S.A. 1998 Supp. 38-1636, as amended by L. 1999, Ch. 156, § 14. [See Attorney General Opinion No. 97-101 where General Stovall concluded that a juvenile who is found guilty in an extended jurisdiction juvenile prosecution proceeding has a conviction for the offense charged.]
[6] K.S.A. 1998 Supp. 38-1636, as amended by L. 1999, Ch. 156, § 14.
[7] Supplemental Notes on [1995] House Bill No. 2531. Legislative Research Dept.
[8] 252 Kan. 695 (1993).
[9] L. 1997, Ch. 156, § 56.
[10] L. 1996, Ch. 229, § 66.
[11] K.S.A. 1998 Supp. 74-5602(h).
[12] Attorney General Opinion No. 98-34.